1
2
3
4
5
6
7
8                    IN THE UNITED STATES DISTRICT COURT

9                   FOR THE EASTERN DISTRICT OF CALIFORNIA

10   THOMAS JOHN SMITHSON,

11              Petitioner,                    No. CIV S-01-1373 GEB DAD P

12        vs.

13   DERRAL ADAMS, Warden, et al.,             ORDER AND

14              Respondents.                   FINDINGS AND RECOMMENDATIONS

15   _____/

16              Petitioner is a state prisoner proceeding by counsel with a petition for writ of

17   habeas corpus.  On April 21, 2006, this case came before the court for hearing of respondents'

18   motion to dismiss three claims from petitioner's amended petition on the basis that the claims

19   were filed beyond the one-year statute of limitations and do not relate back to the claims alleged

20   in the original timely petition.  Harry J. Colombo and Rachelle A. Newcomb appeared for

21   respondents.  Allen R. Bloom appeared for petitioner.  The parties' arguments were heard, and all

22   pending motions were taken under submission.  For the reasons set forth below, the undersigned

23   will recommend that respondents' motion to dismiss be granted.

24                                BACKGROUND

25              Petitioner challenges a judgment of conviction rendered by the Sacramento

26   County Superior Court on June 30, 1998, following his jury trial and conviction for first degree

                                        1

1    murder, attempted robbery, and being a felon in possession of a firearm.  The jury found true a

2    special circumstance allegation that the murder was committed in furtherance of the robbery and

3    an enhancement allegation that petitioner personally used a firearm in the commission of the

4    offenses.  Petitioner was sentenced to a term of imprisonment for life without the possibility of

5    parole on the murder count and a concurrent determinate sentence of ten years on the other

6    counts.  (Am. Pet. at 1-2.)

7            Petitioner's judgment was affirmed by the California Court of Appeal for the

8    Third Appellate District on March 29, 2000.  On July 19, 2000, the California Supreme Court

9    denied review.  (Am. Pet. at 2-3.)

10           Petitioner's pro se federal habeas petition is dated July 11, 2001, and was received

11   by the Clerk of the Court on July 17, 2001.  On August 10, 2001, the undersigned directed

12   respondents to file a response to the petition.  Following the granting of two extensions of time,

13   respondents filed their answer to the petition on November 8, 2001.  Pursuant to one extension of

14   time, petitioner filed his pro se traverse on February 21, 2002.

15           On March 4, 2002, petitioner filed a motion for appointment of counsel and an

16   evidentiary hearing.  Upon consideration of this motion and the new allegations in petitioner's

17   traverse, the undersigned granted the motion for appointment of counsel subject to petitioner's

18   demonstration of indigence.  After petitioner filed an in forma pauperis application that made the

19   required showing, the Federal Defender was appointed to represent petitioner on April 3, 2002.

20           On March 12, 2003, the undersigned granted petitioner's motion to stay this

21   action after respondents filed a notice of non-opposition to the motion.  On October 20, 2004, the

22   undersigned granted petitioner's motion to lift the stay and file an amended petition after

23   respondents filed a notice of non-opposition.  A status conference was held on October 29, 2004,

24   and a briefing scheduled was established.  Respondents filed their answer to the amended

25   petition on December 29, 2004.  Following the granting of three extensions of time, petitioner

26   filed a reply on April 13, 2005.

1      On July 1, 2005, the undersigned granted petitioner's motion for an evidentiary

2 hearing on the first ground for relief in his amended petition.  A date for the hearing was deferred

3 in order to permit respondents to file a motion for discovery related to the first ground for relief.

4      On July 8, 2005, respondents filed a motion to amend their answer to petitioner's

5 amended petition, accompanied by a proposed amended answer.  The undersigned granted

6 respondents' motion on August 15, 2005, after petitioner filed a statement of non-opposition.

7 The amended answer was filed on August 15, 2005, and the undersigned granted petitioner's

8 unopposed request to file a traverse to the amended answer.  Following the granting of a series of

9 extensions of time, petitioner filed a traverse to the amended answer on April 14, 2006.

10      On August 11, 2005, respondents filed their motion for discovery in preparation

11 for the evidentiary hearing.  Petitioner filed opposition to the motion on September 2, 2005, and

12 respondents filed a reply on September 16, 2005.

13      On October 20, 2005, Allen Bloom substituted in as counsel for petitioner in place

14 of the Office of the Federal Defender.

15      On March 20, 2006, respondents filed their motion to dismiss the claims alleged

16 as the first, second, and third grounds for relief in petitioner's amended petition.  Respondents

17 also filed a motion for reconsideration of the order granting an evidentiary hearing on petitioner's

18 first ground for relief.  On April 14, 2006, petitioner filed untimely opposition to respondents'

19 motions, together with a request to late-file the opposition.  Respondents filed a reply on April

20 20, 2006.  The motions were heard on April 21, 2006.  Rulings on respondents' motions for

21 reconsideration and for discovery were deferred pending consideration of their motion to dismiss.

22 <center>RESPONDENTS' MOTION TO DISMISS</center>

23      Respondents assert that the three new claims alleged in petitioner's October 1,

24 2005 amended petition should be dismissed because they were filed beyond the one-year statute

25 of limitations and do not relate back to any claim alleged in the pro se petition filed on July 17,

26 2001.

<center>3</center>

1    Respondents argue that the Supreme Court's recent decision in Mayle v. Felix,

2  545 U.S. 644 (2005), mandates dismissal of the three claims at issue and that dismissal of those

3  claims will obviate the need for an evidentiary hearing.[1]  Respondents concede that they filed a

4  notice of non-opposition to petitioner's motion to stay and hold these proceedings in abeyance

5  and that they filed a notice of non-opposition to petitioner's subsequent motion to lift the stay

6  and file an amended petition.  Respondents assert, however, that in each notice they preserved

7  their objection to amendment of the original petition and, in their statement of non-opposition to

8  petitioner's motion to lift the stay and file an amended petition, they specifically objected to the

9  amendment to add new claims that did not relate back to the original claims.  Respondents note

10  that the court granted their unopposed motion to file an amended answer and that the amended

11  answer asserts a statute-of-limitations bar as to the three new claims.

12    Respondents describe petitioner's first ground for relief as a claim that he was

13  denied due process by the prosecutor's failure to disclose to him exculpatory information

14  regarding co-defendant Spence's alleged admission that he killed the victim.  Respondents

15  contend that the original petition did not raise a Brady claim and did not allege any facts

16  concerning the prosecutor's failure to disclose exculpatory information.  Respondents assert that

17  the original petition alleged only facts concerning (1) the prosecution's presentation of evidence

18  that petitioner had been previously convicted of burglary, (2) defense counsel's failure to frame

19  _____

20    [1] Respondents suggest that the court was not aware of the applicability of Mayle to this case
    on July 1, 2005, when petitioner's motion for an evidentiary hearing was granted.  The undersigned
21  was aware of the applicability of Mayle to this case and opened the hearing with a comment that the
    landscape had changed and might affect this case.  When the attorney appearing for respondents'
22  attorney of record was asked whether he wanted to go forward, counsel merely stated that
    respondents opposed petitioner's motion for evidentiary hearing and wanted to conduct discovery
23  if the court was inclined to grant the motion.  After the court's reasons for granting petitioner's
    motion were stated on the record, the undersigned indicated that, if there were no other matters to
24  address, a briefing schedule would be set for respondents' discovery motion.  Despite a second
    opportunity to propose the filing of an amended pleading or a motion to dismiss based on Mayle,
25  respondents' counsel agreed to the scheduling of respondents' discovery motion and requested thirty
    to forty-five days to file the motion.  It appeared to the undersigned that respondents' counsel was
26  either unaware of the Mayle decision or unaware of its applicability to this case.

4

his motion for sanitization of the prior conviction as a severance motion, (3) the sufficiency of the evidence to support petitioner's attempted robbery and felony murder convictions, and (4) the sufficiency of the evidence to support the special circumstance finding that petitioner committed the murder in order to facilitate the robbery.  Respondents contend that petitioner's <u>Brady</u> claim is based on facts that differ in time and type from the facts set forth in support of the original claims, does not relate back to any timely filed claim, and is time-barred.

Respondents describe petitioner's second ground for relief as a claim that the prosecutor committed various acts of misconduct in rebuttal argument concerning comments about opposing counsel and the court.  Respondents contend that the original petition did not raise a claim of prosecutorial misconduct during rebuttal argument and did not allege any facts concerning prosecutorial misconduct in rebuttal argument.  Respondents assert that the claim of prosecutorial misconduct during rebuttal argument is based on facts that differ in time and type from the facts set forth in support of the original claims, does not relate back to any timely filed claim, and is time-barred.

Respondents describe petitioner's third ground for relief as a claim that his appellate counsel was ineffective for failing to raise his other new claims on direct appeal or in a state habeas petition.  Respondents contend that the original petition did not raise a claim of ineffective assistance of appellate counsel and did not allege any facts concerning ineffective assistance of appellate counsel.  Respondents assert that the claim of ineffective assistance of appellate counsel is based on facts that differ in time and type from the facts set forth in support of the original claims, does not relate back, and is time-barred.

Respondents conclude that the statute of limitations expired on October 17, 2001, and that the three new claims alleged in petitioner's amended petition were filed after that date and do not relate back to the claims in the timely filed original petition.  Respondents contend that petitioner has offered no facts that would entitle him to equitable tolling or give rise to a later start date for the running of the statute of limitations.  For these reasons, respondents conclude

1   that the court should dismiss with prejudice as untimely the claims alleged as petitioner's first,

2   second, and third grounds for relief.

3                          PETITIONER'S OPPOSITION

4           Petitioner does not oppose respondents' motion to dismiss petitioner's third

5   ground for relief but opposes dismissal of the first and second grounds for relief.  Petitioner

6   asserts that respondents are incorrect in their argument that the latter claims are time-barred.

7           Petitioner's first argument is thatthe decision in <u>Mayle v. Felix</u> does not apply to

8   this case.  Petitioner asserts that the Supreme Court in  <u>Mayle</u> found that a claim based on

9   <u>Miranda</u> could not be considered to relate back to an original petition that dealt with trial issues

10  because the new <u>Miranda</u> claim dealt with an entirely pre-trial matter and involved facts at a

11  different time and place than the trial and could have been fully resolved well before trial.

12  Petitioner argues that his first and second grounds for relief relate back to the core trial facts that

13  were raised in his original petition.  Petitioner explains that his new first ground for relief asserts

14  a <u>Brady</u> violation – that the prosecutor did not provide the defendant with critical exonerating

15  evidence that he could have used at trial – and that this claim involves trial witnesses and trial

16  evidence and only becomes ripe at trial when it can be determined that certain evidence is

17  exonerating in light of evidence offered against the defendant.  Petitioner argues that his new

18  second ground for relief asserts prosecutorial misconduct – the prosecutor disparaged defense

19  counsel during closing argument – and that this claim involves an event at the trial, attacks the

20  facts at the trial, is not an event that ripens before trial, and could only be resolved at the time of

21  trial.  Petitioner asserts that the claims alleged in his original first, third, and fourth grounds for

22  relief – due process error arising from the district attorney's introduction of petitioner's prior

23  conviction at trial, insufficient evidence offered at trial to support attempted robbery and robbery

24  special circumstance, and insufficient evidence offered at trial to support the felony-murder

25  charge and conviction – raised core trial facts that provide a basis for the claims alleged in his

26  new first and second grounds for relief.

1    Applying the same rational, petitioner characterizes the claim in his original

2    second ground for relief – inadequate assistance of counsel for failing to raise severance – as one

3    that would usually be raised pre-trial and could be resolved before trial.  Petitioner concludes that

4    this claim concerning pre-trial issues does not provide a core of facts to which any of his new

5    claims can relate back.

6    Petitioner argues next that Mayle is specifically inapplicable to his Brady claim

7    because it is procedurally distinguishable in two regards:  (1) unlike the petitioner in Mayle, he

8    did not have counsel prior to the expiration of the AEDPA statute of limitations and (2) also

9    unlike the petitioner in Mayle, he is entitled to equitable tolling because he was in administrative

10   segregation for over a year and had no access to the law library for at least a year.  Petitioner

11   believes that one of the key reasons the Supreme Court rejected the Ninth Circuit's relating back

12   decision was that Felix still had time to add a new claim after counsel was appointed to represent

13   him.  He points out that he was proceeding pro se, did not have access to the law library and did

14   not have counsel until the statute of limitations had expired.

15   With regard to equitable tolling, petitioner asserts that he is entitled to four and a

16   half months of such tolling because he was denied access to the law library for at least that

17   amount of time, which would extend the statute of limitations from October 17, 2001, to a date

18   after February 21, 2002, when he raised the Brady claim in his pro se traverse and provided three

19   declarations in support of the claim.

20   Attached to petitioner's traverse is an unsigned declaration concerning petitioner's

21   placement in administrative segregation at Salinas Valley State Prison on August 14, 2000, the

22   alleged denial of access to the prison law library until he filed an inmate appeal on December 11,

23   2000, and his ability to use the law library after the appeal was granted.  The declaration

24   concludes with an unsigned statement that this information was provided to counsel over the

25   telephone, that the declaration had been mailed to plaintiff for signature, and that the signed

26   declaration would be sent to the court upon receipt.  No signed declaration has been filed.

A document filed by petitioner's counsel on April 19, 2006, was docketed as a supplement to the traverse.  The document appears to be a copy of an inmate appeal submitted by petitioner on December 18, 2000, concerning library access.  The appeal appears to have been granted at the informal level on March 28, 2001, after an interview with petitioner on March 15, 2001.  The appeal response suggests that petitioner was not denied access to the law library but merely failed to follow proper procedures for prisoners in administrative segregation in seeking access to legal materials .

<div style="text-align:center">RESPONDENTS' REPLY</div>

Respondents argue that petitioner's arguments are without merit and the claims alleged in petitioner's first, second, and third grounds for relief should be dismissed.

Respondents assert that petitioner's position regarding Mayle v. Felix misunderstands the Supreme Court's holding that an amended petition does not relate back when it asserts a new ground for relief supported by facts that differ in both time and type from those the original pleading set forth, while relation back is in order if the original and amended petitions present claims that are tied to a common core of operative facts.  Respondents point out that the Supreme Court's opinion in Mayle does not use the phrase "core trial facts" and that the Court rejected the Ninth Circuit's approach, which defined "conduct, transaction, or occurrence" too broadly to mean the same trial, conviction or sentence.  Respondents conclude that petitioner's interpretation applies the same approach that was rejected by the Supreme Court except that his position is that news claims relating to the same part of the proceedings at issue in the original petition, such as pretrial, trial, or appeal, relate back.  Respondents quote language from Mayle about each separate congeries of facts constituting an occurrence.  Respondents reiterate that petitioner's new claims and old claims are not tied to a common core of operative facts.

Respondents also challenge petitioner's attempt to distinguish the holding in Mayle on the ground that the decision applies only to cases where the petitioner has counsel prior

<div style="text-align:center">8</div>

1    to the expiration of the AEDPA statute of limitations.  Respondents argue that petitioner

2    misunderstands <u>Mayle</u> and relies on the dissent and on dicta in a footnote in the majority opinion

3    recognizing a concern raised by the dissent regarding indigent defendants.  Respondents observe

4    that the concern raised by the dissent demonstrates the dissenters' understanding that the majority

5    opinion did not limit their decision to cases in which the petitioners had counsel prior to

6    expiration of the statute of limitations.  Respondents also point out that, in this case, petitioner

7    himself raised his new claims in the traverse he filed prior to appointment of counsel.

8         Respondents argue that petitioner is not entitled to equitable tolling based on

9    alleged denial of law library access because (1) petitioner's conclusory allegation fails to provide

10    facts necessary to prove the claim, is supported only by an unsigned declaration, has not shown

11    that he was denied all access to the law library, and filed an inmate appeal concerning law library

12    access that was granted in March 2001, months before the statute of limitations expired; (2)

13    petitioner has not demonstrated the diligence required to warrant equitable tolling, given that he

14    was aware of the <u>Brady</u> claim in 1998 yet did not present it to the state courts until 2003; (3)

15    petitioner has not shown that denial of access to the law library was the cause of his untimeliness

16    in filing his <u>Brady</u> claim; (4) petitioner was aware of the factual basis for his <u>Brady</u> claim long

17    before the AEDPA statute of limitations began to run and could have presented the claim without

18    access to the law library; and (5) even if petitioner was denied access to the law library, his claim

19    is still untimely.

20         Respondents' reply was supported by the declaration of Araceli Esparza, a staff

21    services analyst at Salinas Valley State Prison, where petitioner was confined during the time he

22    allegedly lacked law library access.  Declarant states that inmates in administrative access are not

23    denied all access to the law library.  Declarant explains that physical access may be denied, but

24    inmates have access to the library through a paging system that allows the inmates to request that

25    the librarian obtain and send them certain information.

26    /////

1  For these reasons, respondents assert that their motion to dismiss the new claims

2  with prejudice should be granted.

3  ANALYSIS

4  I.  The AEDPA Statute of Limitations

5  On April 24, 1996, the Antiterrorism and Effective Death Penalty Act ("AEDPA")

6  was enacted.  The AEDPA amended 28 U.S.C. § 2244 by adding the following provision:

7      (d) (1)  A 1-year period of limitation shall apply to an application
       for a writ of habeas corpus by a person in custody pursuant to the
8      judgment of a State court.  The limitation period shall run from the
       latest of –
9
       (A) the date on which the judgment became final by the
10     conclusion of direct review or the expiration of the time for
       seeking such review;
11
       (B) the date on which the impediment to filing an
12     application created by State action in violation of the Constitution
       or laws of the United States is removed, if the applicant was
13     prevented from filing by such State action;

14     (C) the date on which the constitutional right asserted was
       initially recognized by the Supreme Court, if the right has been
15     newly recognized by the Supreme Court and made retroactively
       applicable to cases on collateral review; or
16
       (D) the date on which the factual predicate of the claim or
17     claims presented could have been discovered through the exercise
       of due diligence.
18
       (2) The time during which a properly filed application for State
19     post-conviction or other collateral review with respect to the
       pertinent judgment or claim is pending shall not be counted toward
20     any period of limitation under this subsection.

21  28 U.S.C. § 2244(d).  The one-year AEDPA statute of limitations applies to all federal habeas

22  corpus petitions filed after the statute was enacted and therefore applies to the present case, filed

23  in 2001.  See Lindh v. Murphy, 521 U.S. 320, 322-23 (1997).

24  II.  Application of § 2244(d)(1)(A)

25  For purposes of 28 U.S.C. § 2244(d)(1)(A), the judgment entered against

26  petitioner on June 30, 1998, became final on October 17, 2000, ninety days after the California

10

1   Supreme Court denied review on July 19, 2000.  See Bowen v. Roe, 188 F.3d 1157, 1158-59 (9th

2   Cir. 1999).  Petitioner did not file any state petitions for collateral relief in the year following

3   October 17, 2000.  Thus, the one-year period of limitation ran without interruption from October

4   18, 2000, until it expired on October 17, 2001.  Prior to October 17, 2001, petitioner's federal

5   habeas petition dated July 11, 2001, was received by the court for filing on July 17, 2001.

6        Petitioner's amended petition was filed on October 1, 2004, almost three years

7   after the statute of limitations expired.  All new claims alleged in the amended petition are barred

8   by the AEDPA statute of limitations unless some other statutory provision applies, equitable

9   tolling is warranted, or the new claims relate back to the original claims.  Petitioner has not

10  argued that any provision of § 2244(d) other than § 2244(d)(1)(A) is applicable, and the court

11  finds that no other provision applies.

12  III.  Equitable Tolling

13       The one-year period of limitation contained in 28 U.S.C. § 2244(d) is a statute of

14  limitations subject to tolling.  Calderon v. United States Dist. Court (Beeler), 128 F.3d 1283,

15  1288 (9th Cir. 1997), overruled in part on other grounds by Calderon v. United States Dist. Court

16  (Kelly), 163 F.3d 530 (9th Cir. 1998).  "Equitable tolling will not be available in most cases, as

17  extensions of time will only be granted if 'extraordinary circumstances' beyond a prisoner's

18  control make it impossible to file a petition on time."  Calderon, 128 F.3d at 1288-89.  Courts are

19  expected to "take seriously Congress's desire to accelerate the federal habeas process."  Id. at

20  1289.  See also Corjasso v. Ayers, 278 F.3d 874, 877 (9th Cir. 2002) (describing the Ninth

21  Circuit's standard as setting a "high hurdle" to the application of equitable tolling).

22       Even where extraordinary circumstances are shown, equitable tolling will not be

23  available unless the petitioner diligently pursued his claims.  128 F.3d at 1289.  Equitable tolling

24  is appropriate only when external forces, rather than a petitioner's lack of diligence, account for

25  the petitioner's failure to file a timely habeas petition.  Miles v. Prunty, 187 F.3d 1104, 1107 (9th

26  Cir. 1999).  The petitioner bears the burden of demonstrating grounds for equitable tolling.

1   Espinoza-Matthews v. California, 432 F.3d 1021, 1026 (9th Cir. 2005); Miranda v. Castro, 292

2   F.3d 1063, 1065 (9th Cir. 2002).

3            The Ninth Circuit Court of Appeals has addressed the issue of equitable tolling in

4   habeas proceedings many times.  For the most part, and most often in unpublished decisions, the

5   court has affirmed district court decisions denying equitable tolling.  Typical decisions affirming

6   the denial of equitable tolling include Miranda, 292 F.3d at 1067-68, in which the court affirmed

7   the district court's denial of equitable tolling where the pro se petitioner filed his petition

8   untimely on the basis of erroneous information provided by the attorney appointed to represent

9   him on direct appeal, and Frye v. Hickman, 273 F.3d 1144, 1146 (9th Cir. 2001), in which the

10   court affirmed the district court's denial of equitable tolling where the petitioner's attorney

11   miscalculated the limitations period.  See also Brambles v. Duncan, 412 F.3d 1066, 1070-71 (9th

12   Cir.), cert. denied, ___ U.S. ___, 126 S. Ct. 485 (2005) (affirming the district court's denial of

13   equitable tolling where the petitioner filed an untimely petition after previously filing a timely

14   mixed petition and choosing to dismiss the entire petition and return to state court to exhaust

15   additional claim); Raspberry v. Garcia, 448 F.3d 1150, 1153-54 (9th Cir. 2006) (affirming denial

16   of equitable tolling because district court's failure to advise petitioner of right to amend petition

17   to include unexhausted claims and petitioner's inability to correctly calculate limitations period

18   were not extraordinary circumstances warranting equitable tolling).

19            Due to the highly fact-dependent nature of the grounds for equitable tolling,

20   factual development may be required for an issue such as the petitioner's mental illness, the

21   petitioner's access to his legal materials, or the adequacy of a particular prison law library at a

22   specific time.  See, e.g., Mendoza v. Carey, 449 F.3d 1065, 1069-71 (9th Cir. 2006) (remanding

23   for appropriate development of the record on the issue of whether petitioner's inability to obtain

24   Spanish-language materials or procure translation assistance was an extraordinary circumstance

25   preventing him from filing a timely habeas petition); Laws v. Lamarque, 351 F.3d 919, 922-24

26   (9th Cir. 2003) (remanding for development of the record on the issue of whether petitioner's

mental illness prevented him from timely filing his habeas petition); Lott v. Mueller, 304 F.3d 918, 923 (9th Cir. 2002) (remanding for development of the record related to availability of equitable tolling where petition was filed, at most, twenty days late, and pro se petitioner alleged he was denied access to his legal files for eighty-two days during the one-year period of limitation due to two temporary transfers for court proceedings); Whalem/Hunt v. Early, 233 F.3d 1146, 1148 (9th Cir. 2000) (en banc) (remanding for factual development related to availability of equitable tolling or existence of a state-caused impediment where the petitioner alleged that the prison law library contained no legal materials describing AEDPA and the one-year limitations period until June 1998).

The Ninth Circuit has affirmed or mandated equitable tolling in a few cases where a diligent petitioner was unable to file a timely petition due to a significant delay caused by an external force such as the district court, prison officials, or, but rarely, the petitioner's own habeas counsel. See Espinoza-Matthews, 432 F.3d 1021 (applying equitable tolling for period of almost eleven months during which pro se petitioner was housed in administrative segregation and was denied access to his legal materials throughout that time despite diligent efforts to obtain access); Spitsyn v. Moore, 345 F.3d 796 (9th Cir. 2003) (finding misconduct of petitioner's attorney sufficiently egregious to justify equitable tolling where attorney was hired nearly a full year in advance of the deadline for filing a federal petition but did not prepare and file the petition despite the fact that petitioner and his mother contacted the attorney numerous times seeking action and where, despite a request for return of the file, the attorney retained the file for the duration of the limitations period and two months beyond); Smith v. Ratelle, 323 F.3d 813 (9th Cir. 2003) (applying equitable tolling where district court previously dismissed pro se petitioner's timely habeas petition without providing an opportunity to amend as an alternative to dismissal); Stillman v. LaMarque, 319 F.3d 1199 (9th Cir. 2003) (applying equitable tolling where prison litigation coordinator promised petitioner's attorney he would obtain prisoner's signature in time to file petition but broke the promise and caused petition to be late); Corjasso,

278 F.3d 874 (applying equitable tolling where district court's initial dismissal of timely petition was improper and court's lengthy delay in ruling that the amended petition was unexhausted consumed 258 days of pro se petitioner's one-year period of limitation and caused petitioner to lose time that would otherwise have been available for exhausting state court remedies); Miles, 187 F.3d 1104 (applying equitable tolling where prison officials delayed pro se petitioner's request that check be drawn on his prison trust account for payment of filing fee); Calderon (Kelly), 163 F.3d 530 (applying equitable tolling in a death penalty case because of earlier court-ordered stay of the habeas proceedings, petitioner's alleged mental incompetency, and court's mistaken dismissal of timely habeas proceedings); Calderon (Beeler), 128 F.3d 1283 (holding in a death penalty case that withdrawal of court-appointed habeas counsel, who moved out of state and whose work product was not usable by replacement counsel, qualified as an extraordinary circumstance beyond petitioner's control that justified tolling the statute of limitations).

Although the Supreme Court has recently "framed the equitable tolling standard in less absolute terms" than the Ninth Circuit's well established test of "impossible to file a petition on time," the Ninth Circuit has not yet decided whether the Supreme Court's formulation "has lowered the bar somewhat." Espinoza-Matthews, 432 F.3d at 1026 n.5 (citing Pace v. DiGuglielmo, 544 U.S. 408, 418 (2005)). In Pace, the Supreme Court noted that it has "never squarely addressed the question whether equitable tolling is applicable to AEDPA's statute of limitations." 544 U.S. at 418 n.8. The Court found it unnecessary to reach the question in Pace because the petitioner's failure to establish diligence in that case would preclude the application of equitable tolling to his untimely petition. Id. at 418-19. The Court observed, however, that "[g]enerally, a litigant seeking equitable tolling bears the burden of establishing two elements: (1) that he has been pursuing his rights diligently, and (2) that some extraordinary circumstance stood in his way." 544 U.S. at 418 (citing Irwin v. Department of Veterans Affairs, 498 U.S. 89, 96 (1990)).

/////

1    In the present case, petitioner has failed to demonstrate entitlement to equitable

2  tolling.  Although petitioner's counsel has failed to file a signed declaration by petitioner, the

3  declaration attached to petitioner's traverse, even if signed, would not support a conclusion that

4  petitioner's placement in administrative segregation resulted in a denial of law library access that

5  rendered it impossible for petitioner to file a federal habeas petition on time.

6    Petitioner signed a timely federal habeas petition on July 11, 2001, and the

7  pleading was received for filing on July 17, 2001.  Clearly, lack of law library access did not

8  constitute an extraordinary circumstance beyond petitioner's control that made it impossible for

9  him to file a federal habeas petition on time, because he did file a timely federal habeas petition.

10  There is no evidence that the alleged lack of law library access prevented petitioner from filing a

11  state habeas petition prior to October 17, 2001.  Petitioner was aware of the facts that supported

12  his Brady claim in 1998 and was aware of his appellate counsel's failure to raise the Brady claim

13  on direct appeal in 2000.  Petitioner has not argued or shown that the facts concerning alleged

14  prosecutorial misconduct during rebuttal argument were not evident to petitioner during trial or at

15  some subsequent time prior to October 17, 2001.

16    In addition, the inmate appeal filed as a supplement to petitioner's traverse on

17  April 19, 2006 demonstrates that the alleged denial of access to the law library occurred between

18  August 13, 2000 and March 15, 2001, at the latest, and that on March 15, 2001 petitioner was

19  interviewed and informed of the procedure for obtaining legal materials while in administrative

20  segregation.  Thus, any denial of law library access was early in the one-year period of limitation,

21  did not prevent petitioner from filing a timely federal habeas petition, and would not have

22  prevented him from filing a state habeas petition alleging unexhausted claims before the statute

23  of limitations expired.

24    Petitioner has failed to meet his burden of demonstrating entitlement to equitable

25  tolling on any ground for any period of time.

26  /////

IV.  Relation Back of New Claims

   An application for a writ of habeas corpus "may be amended or supplemented as provided in the rules of civil procedure applicable to civil actions."  28 U.S.C. § 2242.  See also Rule 11, Fed. R. Governing § 2254 Cases (providing that the Federal Rules of Civil Procedure may be applied in habeas corpus proceedings to the extent that the rules of civil procedure are not inconsistent with any statutory provision or with the rules governing habeas cases); Fed. R. Civ. P. 81(a)(2) (providing that the Federal Rules of Civil Procedure are applicable to proceedings for habeas corpus "to the extent that the practice in such proceedings is not set forth in statutes of the United States, the Rules Governing Section 2254 Cases, or the Rules Governing Section 2255 Proceedings").

   Under Federal Rule of Civil Procedure 15(a), a habeas petitioner may amend his pleadings once as a matter of course before a responsive pleading is served and may seek leave of court to amend his pleading at any time during the proceeding.  Mayle v. Felix, 545 U.S. 644, ___, 125 S. Ct. 2562, 2569 (2005).  Under Rule 15(c), a petitioner's amendments made after the statute of limitations has run will relate back to the date of his original pleading if the new claims arose out of the conduct, transaction, or occurrence set forth or attempted to be set forth in the original pleading.  Id. (citing Fed. R. Civ. P. 15(c)(2)).

   In Mayle v. Felix, the Supreme Court explained that "[t]he 'original pleading' to which Rule 15 refers is the complaint in an ordinary civil case, and the petition in a habeas proceeding."  Id. at 2569-70.  The Court observed that the complaint in an ordinary civil case need only provide fair notice of the plaintiff's claim and the grounds on which the claim rests, while a habeas petition, on the other hand, is required to specify all grounds for relief available to the petitioner and state the facts supporting each ground.  Id. at 2570.  Because of this difference between civil complaints and habeas petitions, the relation back of new habeas claims "depends on the existence of a common 'core of operative facts' uniting the original and newly asserted

/////

1  claims." Id. at 2572.[2]  The common core of operative facts must not be viewed at too high a

2  level of generality, and an "occurrence" will consist of each separate set of facts that supports a

3  ground for relief.  Id. at 2573.  See also United States v. Ciampi, 419 F.3d 20, 24 (1st Cir. 2005)

4  ("[A] petitioner does not satisfy the Rule 15 "relation back" standard merely by raising some type

5  of ineffective assistance in the original petition, and then amending the petition to assert another

6  ineffective assistance claim based upon an entirely distinct type of attorney misfeasance."), cert.

7  denied ___ U.S. ___, 126 S. Ct. 2906 (2006).  Applying these principles in Mayle, the Court

8  ruled that the new claim did not relate back to the original claim because the new claim arose

9  from the petitioner's own pretrial interrogation and was different in time and place from his

10  original claim, which arose from the pretrial police interrogation of a witness.  125 S. Ct. at

11  2572-73.

12         Here, petitioner's original petition raised the following claims:

13         Ground 1:  Petitioner was denied due process of law as guaranteed
       by the United States Constitution when the court allowed the
14         People to introduce evidence that petitioner had been convicted
       previously of burglary.

15

16         Ground 2:  Petitioner was denied effective assistance of trial
       counsel as guaranteed by the Fifth and Fourteenth Amendments

17         when counsel moved to sanitize the reading of the information and
       preclude mention of petitioner's prior burglary but failed to move
       to sever the charge of being an ex-felon in possession of a firearm.

18

19         Ground 3:  Petitioner was denied due process of law because the
       evidence was insufficient to support the attempted robbery

20         conviction and the robbery special circumstances finding

21         Ground 4:  Petitioner was denied due process of law because the
       evidence was insufficient to support the felony murder charge and

22         conviction.

23  (Pet. at pages numbered (5) and (6).)

24

25      [2]  See Jackson v. Roe, 425 F.3d 654, 660 n. 8 (9th Cir. 2005) (stating that the Supreme Court
held in Mayle v. Felix that an amended claim in a habeas petition relates back for statute of

26  limitations purposes only if it shares a common core of operative facts with the original claim).

1    In his amended petition, petitioner alleges the original four claims as his fourth,

2  fifth, sixth, and seventh grounds for relief.  His new claims, presented as the first three grounds

3  for relief, are stated as follows:

4           Ground 1:  Petitioner was denied his due process rights when the
             prosecution failed to disclose exculpatory information regarding a
5            witness's statement that petitioner's co-defendant admitted killing
             the victim.

6
             Ground 2:  Prosecutorial misconduct denied petitioner due process
7            when the prosecutor's closing argument attacked the defense
             attorney's integrity and claimed the prosecutor's argument was
8            endorsed by the trial judge.

9            Ground 3:  Ineffective assistance of appellate counsel in relation to
             this case in violation of the Sixth and Fourteenth Amendments and
10           the California Constitution occurred when counsel failed to raise
             the claims alleged in the first and second grounds for relief.

11

12  (Am. Pet. at 4, 11, 14, and 16.)

13    After careful consideration of petitioner's original and amended petitions, as well

14  as the parties' arguments, the undersigned finds that the newly exhausted claims alleged in

15  Grounds 1, 2, and 3 of the amended petition do not share a common core of operative facts with

16  any of petitioner's original claims and therefore do not relate back to the original petition.  In

17  particular, petitioner's arguments concerning the limited scope of the holding in Mayle v. Felix

18  are unsupported and unpersuasive.

19                              CONCLUSION

20    Petitioner's amended petition was filed almost three years after the statute of

21  limitations expired.  The three new claims alleged in the pleading are barred by the AEDPA

22  statute of limitations and do not relate back to the claims alleged in the original timely petition.

23  Petitioner has failed to demonstrate HIS entitlement to equitable tolling.  For these reasons, the

24  undersigned will recommend that respondents' motion to dismiss be granted.

25    In light of the recommendation that respondents' motion to dismiss be granted,

26  the undersigned will grant respondents' motion for reconsideration of this court's order granting

1  petitioner's motion for an evidentiary hearing.  The order granting an evidentiary hearing will be

2  vacated, and petitioner's motion for evidentiary hearing will be denied.  Respondents' motion for

3  discovery will be denied as moot.

4          Accordingly, IT IS ORDERED that:

5          1.  Petitioner's April 14, 2006 request to late-file opposition to respondents'

6  motions (#91) is granted;

7          2.  Respondents' March 20, 2006 motion for reconsideration (#90) is granted;

8          3.  This court's July 5, 2005 order (#71) granting petitioner's motion for an

9  evidentiary hearing is vacated;

10          4.  Petitioner's May 18, 2005 motion for evidentiary hearing (#62) is denied;

11          IT IS RECOMMENDED that:

12          1.  Respondents' March 20, 2006 motion to dismiss (#90) be granted; and

13          2.  The claims alleged as Grounds 1, 2, and 3 in petitioner's amended petition be

14  dismissed and this action proceed on the claims alleged as Grounds 4, 5, 6, and 7.

15          These findings and recommendations will be submitted to the United States

16  District Judge assigned to this case, pursuant to the provisions of 28 U.S.C. § 636(b)(l).  Within

17  **ten** days after these findings and recommendations are served, any party may file and serve

18  written objections with the court.  A document containing objections should be titled "Objections

19  to Magistrate Judge's Findings and Recommendations."  Any reply to objections shall be filed

20  and served within **ten** days after service of the objections.  The parties are advised that failure to

21  file objections within the specified time may, under certain circumstances, waive the right to

22  appeal the District Court's order.  See Martinez v. Ylst, 951 F.2d 1153 (9th Cir. 1991).

23  DATED: January 30, 2007.

24

25

26  DAD:13
    smit1373.mtd

DALE A. DROZD
UNITED STATES MAGISTRATE JUDGE